**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geary Wayne Walton,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Defendants.<br>_____ | No. CV-10-2206-PHX-FJM<br>No. CV-10-2207-PHX-ROS<br>No. CV-10-2209-PHX-PGR<br><br><br>**ORDER** |
| Thomas Alec Kidwell<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.<br><br>　　　　Defendants.<br>_____ | |
| John Gary Jordan, Jr.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.<br><br>　　　　Defendants.<br>_____ | |

　　On August 13, 2010, Plaintiffs Geary Wayne Walton, Thomas Kidwell, Joseph

1  Starling Greene, and John G. Jordan, Jr., who are confined in the Central Arizona
2  Correctional Facility in Florence, Arizona, jointly filed a *pro se* complaint pursuant to 42
3  U.S.C. § 1983, and requested class certification. See Walton v. Ryan, No. CV-10-1732 (D.
4  Ariz. Aug. 13, 2010). On October 15, 2010, we denied Plaintiffs' request for class
5  certification and ordered the action severed into four separate cases (CV-10-1732-PHX-FJM
6  (doc. 7); CV-10-2206-PHX-FJM (doc. 10)).
7  We now have before us Plaintiff Walton's second motion for class certification (doc.
8  57), and Defendants' response (doc. 64). We also have before us Defendants' motion for
9  consolidation of related cases (doc. 42), Plaintiff's response (doc. 41), and Defendants' reply
10 (doc. 48). Defendants ask us to consolidate this case with two of the original four cases:
11 Kidwell v. Ryan, No. CV-10-2207-PHX-ROS and Jordan v. Ryan, No. CV-10-2209-PHX-
12 PGR.
13 Under Rule 42(a), Fed. R. Civ. P., a court may consolidate actions involving a
14 common question of law or fact. In exercising our discretion under Rule 42(a), we will
15 weigh the saving of time and effort achieved through consolidation against any
16 inconvenience, delay, or expense that consolidation would cause. Huene v. United States,
17 743 F.2d 703, 704 (9th Cir. 1984).
18 In our October 15, 2010 order, we denied class certification and ordered the action
19 severed, reasoning that each of the Plaintiffs are inmates proceeding *pro se*, and none of the
20 Plaintiffs is an attorney and therefore cannot represent any other Plaintiff. We explained that
21 because of security concerns related to inmate correspondence and face-to-face
22 communications, the management of a multiple *pro se* inmate lawsuit is difficult, inefficient,
23 and "unfair[] to Plaintiffs, Defendants, and the Court's goals of achieving judicial economy
24 and maintaining efficient control of the Court's docket." Order at 4. We noted that
25 "Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share
26 discovery, or even provide each other copies of the motions and notices they file with the
27 Court." Id. Nothing new is presented in either the Defendants' motion to consolidate or the
28 Plaintiff's renewed motion for class certification to change this conclusion. In addition, the

1  three cases now at issue have been processing individually for more than a year and are at
2  different stages of development.  For example, the discovery cutoff date and dispositive
3  motion deadline have already passed in <u>Kidwell v. Ryan</u>, No. CV-10-2207-PHX-ROS.  We
4  therefore reiterate our earlier conclusion that neither consolidation nor class certification is
5  warranted in this case.

6  **IT IS ORDERED DENYING** Defendants' motion to consolidate cases (doc. 42).
7  **IT IS FURTHER ORDERED DENYING** Plaintiff's motion for class certification
8  (doc. 57).
9  DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge